**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1107

PHYLLIS A. EVANS,

Plaintiff – Appellant,

v.

JANET NAPOLITANO, Secretary, Department of Homeland
Security; DEPARTMENT OF HOMELAND SECURITY; AFSD-1 WILLIAM
GARY HARRISON, Individually and as Assistant Federal
Security Director-1,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.    James C. Dever, III,
Chief District Judge.    (5:10-cv-00036-D)

Submitted:  February 16, 2012        Decided:  February 21, 2012

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Janet J. Lennon, LAW OFFICES OF JANET J. LENNON, Durham, North
Carolina, for Appellant. Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phyllis A. Evans appeals the district court's order dismissing her employment discrimination action under Fed. R. Civ. P. 12(b)(6). On appeal, Evans contends that she made plausible allegations of adverse employment action on her disparate treatment and Equal Pay Act claims and that the court erred in dismissing her hostile work environment claim for lack of jurisdiction. Finding no error, we affirm.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009). To survive a Rule 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," with "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Generally, when ruling on a Rule 12(b)(6) motion, a judge must "accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court is not, however, required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" or "allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v.

2

<u>Wyche</u>, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted).

We have reviewed the transcript of the Rule 12(b)(6) hearing, the joint appendix, and the parties' briefs and find no error in the district court's decision. We therefore affirm the district court's order dismissing the action on the reasoning of the district court. <u>Evans v. Napolitano</u>, No. 5:10-cv-00036-D (E.D.N.C. Jan. 6, 2011).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>